# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2466

_____

| | | |
|---|---|---|
| Jefferson Smurfit Corporation, | * | |
| (U.S.) and Subsidiaries, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| United States of America, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 9, 2006
Filed:  March 6, 2006

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

Jefferson Smurfit Corporation (Smurfit) brought this refund action against the United States claiming that a deficiency assessment by the Internal Revenue Service (IRS) for tax year 1989 was barred by res judicata. In its 1989 tax returns Smurfit had claimed net operating losses which it sought to carry back to its 1987 tax year in order to obtain a refund for that year. During its examination of Smurfit's 1989 returns, the IRS discovered that the amount which Smurfit sought to carry back had been miscalculated and issued reports notifying Smurfit of the resulting deficiency. Smurfit did not contest that the amount it had carried back for its 1989 losses and credits had

been miscalculated. It paid the assessed amount and now seeks a refund, arguing that a final decision of the Tax Court for its 1987 tax year bars the deficiency assessment. Both parties moved for summary judgment in the district court. Smurfit's motion was granted, and the IRS appeals. We reverse.

## I.

A corporate reorganization caused Smurfit to file two tax returns for 1989. It claimed $5,812,300 in foreign tax credits in the first return and $68,255,200 net operating losses in the second. Smurfit also filed an IRS Form 1139 (Corporate Application for Tentative Refund) under 26 U.S.C. § 6411, seeking to carry back the $68,255,200 loss and the $5,812,300 in credits to its 1987 tax year in order to produce a refund for that year. The day after Smurfit filed its Form 1139, the IRS began to examine its 1987 and 1988 tax filings. In the course of the examination, the IRS employed economists to determine whether the foreign tax credits had been calculated correctly.

Smurfit filed a Tax Court petition in 1993 to resolve its tax liabilities for 1987 and 1988, and in January 1999 the IRS and Smurfit agreed to a stipulated settlement. On January 22, 1999, the Tax Court issued its brief decision based on the stipulation of the parties which simply ordered: "That there is no deficiency, or overpayment, in income tax for 1987; and that there is a deficiency in income tax for 1988 in the amount of $1,878,529.00." The Tax Court decision became final on April 22, 1999.

Before the Tax Court filed its decision applying to the 1987 tax year, the IRS issued Notices of Proposed Adjustments disputing the calculations of Smurfit's carriedback losses and credits. Sometime after Smurfit had filed its petition in the Tax Court relating to its 1987 and 1988 tax years, the same IRS examiner who had studied its liabilities for those years began examining its 1989 returns. The examiner discovered errors in Smurfit's calculation of its claimed foreign tax credits and net

operating losses prior to entry of the Tax Court judgment. Two examination reports relating to the 1989 tax years were released by the IRS on April 21, 1999, several months after the Tax Court's decision on Smurfit's 1987 and 1988 tax returns and one day before it became final. Another examination report for 1989 issued on May 6, 1999. The IRS reports stated that Smurfit had miscalculated its 1989 net operating losses and tax credits and that it owed an additional $4,137,036 plus interest for the 1987 tax year.

Smurfit paid the asserted deficiency in June 1999, and filed an administrative claim with the IRS for a refund of the $4,137,036 it had paid plus interest. It claimed that the Tax Court's decision on its 1987 and 1988 tax years precluded the IRS from seeking a deficiency payment for 1987 based on Smurfit's miscalculations of its net operating losses for 1989. After the IRS failed to act on the administrative claim within six months, Smurfit filed this refund action in the district court.

Both parties moved for summary judgment. Smurfit did not argue that it had correctly calculated its 1989 tax credits or operating losses, but rather that res judicata barred the IRS from seeking deficiencies for its 1987 tax year. The government responded that the Internal Revenue Code allows it to assess deficiency payments for miscalculated net operating losses intended by a taxpayer to be carried back to an earlier tax year, regardless of whether the Tax Court has issued a decision for that year. In addition the government asserted a claim for equitable recoupment if Smurfit were to prevail in the district court, a claim which Smurfit did not contest. The Tax Court had determined that Smurfit owed a deficiency payment for tax year 1988, but the recalculations by the IRS showed that Smurfit would be due a tax benefit for that year if it were not barred by the final judgment rule. The government therefore argued that if reassessment of the carryback losses for 1987 was barred by res judicata, its reassessment of Smurfit's 1988 tax year should be affected similarly. The district court granted summary judgment to Smurfit, as well as the government's recoupment request.

II.

The United States appeals, arguing that the district court erred by granting summary judgment to Smurfit because Congress has provided that the IRS may examine and assess deficiencies resulting from errors in carriedback net operating loss cases even after the Tax Court has issued a final decision for the carryback year. Smurfit contends, however, that under Commissioner v. Sunnen, 333 U.S. 591, 598 (1948), the judicial adjudication of liabilities for a tax year acts as a bar to additional assessments for that year. It claims that Congress did not intend to abrogate the doctrine of claim preclusion for carriedback net operating losses. We review the district court's grant of summary judgment de novo. Lund v. Hennepin Cty., 427 F.3d 1123, 1125 (8th Cir. 2005).

Prior judgments can bar future litigation under two independent common law doctrines – issue preclusion and claim preclusion. Klipsch, Inc. v. WWR Technology, Inc., 127 F.3d 729, 733 (8th Cir. 1997). Issue preclusion bars parties from relitigating issues that were actually litigated and necessary to the outcome of a prior judgment. McKenzie Engineering Co. v. NLRB, 373 F.3d 888, 891 (8th Cir. 2004). Smurfit concedes that the amount of the carriedback losses was not litigated in the Tax Court proceeding and that issue preclusion is inapplicable. Under the doctrine of claim preclusion or res judicata, a party is prohibited from asserting "a claim or defense in a later proceeding that should have been raised in an earlier proceeding" in which there has been a final judgment. Id. Smurfit contends that under this doctrine the IRS is precluded from seeking a deficiency assessment for the 1989 tax year because it did not raise its claim in the Tax Court.

Claim preclusion is a common law doctrine which can be overridden by statute. See Iowa Network Services v. Qwest Corp., 363 F.3d 683 (8th Cir. 2004); Zackim v. Commissioner of Internal Revenue, 887 F.2d 455 (3rd Cir. 1989). Whether Congress intended for the IRS to assess deficiencies based on miscalculated carryback amounts

even after the Tax Court has issued a final judgment for the carryback year is determined by examining the language, structure, and purpose of the statutory scheme. Jones v. Rath Packing Co., 430 U.S. 512, 525 (1977).

Under the tax code, the IRS is ordinarily required to assert a deficiency in a return by issuing the taxpayer a notice of deficiency. 26 U.S.C. § 6212(a). After receiving such a notice, the taxpayer can either pay the deficiency or file a petition in the Tax Court disputing that it owes the amount sought. 26 U.S.C. § 6213. The taxpayer is not required to pay the tax until the decision of the Tax Court has become final. 26 U.S.C. § 6213(a). Taxpayers are unable to file a petition in the Tax Court unless they receive a notice of deficiency for a particular tax year, Midland Mortgage Co. v. Commissioner, 73 T.C. 902, 907 (1980).

Although the IRS is generally barred from determining additional deficiencies for a tax year for which the taxpayer has filed a petition in the Tax Court, 26 U.S.C. § 6212(c)(1), Congress has created exceptions to enable the assessment of other deficiencies even after one notice of deficiency has issued. Section 6212(c)(1) contains both the general rule against successive deficiencies and the exceptional circumstances which do permit them:

> If the Secretary has mailed to the taxpayer a notice of deficiency . . . and the taxpayer files a petition with the Tax Court . . . the Secretary shall have no right to determine any additional deficiency of income tax for the same taxable year . . . with respect to any act (or failure to act) to which such petition relates, except in the case of fraud, and except as provided in section 6214(a) (relating to assertion of greater deficiencies before the Tax Court), in section 6213(b)(1) (relating to mathematical or clerical errors), in section 6851 or 6852 (relating to termination assessments), or in section 6861(c) (relating to the making of jeopardy assessments).

26 U.S.C. § 6212(c)(1) (emphasis added).

Section 6212(c)(1) thus both permits additional notices of deficiency and lists the limited circumstances where they are allowed, explicitly including mathematical or clerical errors "as provided in . . . section 6213(b)(1)." 26 U.S.C. § 6212(c)(1). The referenced provision for mathematical and clerical errors (§ 6213(b)(1)) in turn states that a notice of assessment for such errors shall not be considered a notice of deficiency permitting a Tax Court petition. 26 U.S.C. § 6213(b)(1). A related section of the statute addresses "tentative carryback or refund adjustments". 26 U.S.C. § 6213(b)(3). If it is determined that there has been an error in the carryback amount, the excess amount the taxpayer received because of the error may be assessed "as a deficiency as if it were due to a mathematical or clerical error appearing on the return." Id. An assessment resulting from errors in a § 6411 carryback application is treated "as if it were due to a mathematical or clerical error appearing on the return," 26 U.S.C. § 6213(b)(3), and it is thereby excluded from the prohibition against successive notices of deficiency. 26 U.S.C. § 6212(c)(1).

Assessments based on § 6411 applications for tentative refunds due to carriedback corporate losses are treated differently from ordinary returns. When a taxpayer submits a tentative § 6411 application to carry back losses, the IRS is to make a "limited examination" and act on it within 90 days. 26 U.S.C. § 6411(b). After this 90 day period, however, the IRS can reexamine the claimed carryback losses and assess deficiencies based on an error in the amount carried back if the statute of limitations for the year in which the losses were incurred has not expired, 26 U.S.C. § 6501(k) and (h), and without regard to whether the IRS has previously issued a notice of deficiency for the carryback year. 26 U.S.C. §§ 6213(b)(1) and (3). Congress also expressly permits taxpayers to file § 6411 tentative applications to carryback losses to a year for which the Tax Court has already entered a final decision. 26 U.S.C. § 6511(d)(2)(A).

Neither party has cited any precedent from this court interpreting the code sections relevant to the question whether Congress intended for an intervening final

judgment by the Tax Court for the carryback year to bar the IRS from assessing a deficiency discovered during its examination of the year in which the losses were incurred. Both parties do address Zackim v. Commissioner, 887 F.2d 455 (3rd Cir. 1989), a case dealing with fraud – one of the other statutory exceptions to the rule against successive deficiency assessments.

In Zackim, the Third Circuit focused on 26 U.S.C. § 6212(c)(1) in determining whether Congress intended Tax Court decisions to bar additional assessments based on fraud if the IRS becomes aware of a taxpayer's fraudulent reporting before entry of a Tax Court judgment for the fraudulent year. The taxpayer there argued on res judicata grounds that the Tax Court decision barred assessment of deficiencies based on fraud. Zackim, 887 at 458-459. The court disagreed. By excluding fraud from the general bar against successive deficiencies in 26 U.S.C. § 6212(c)(1), "Congress dealt explicitly with the policy of finality, and plainly excepted claims of fraud from the general policy." Id. The IRS was able to assess the deficiency even though it had not delayed the Tax Court proceeding pending completion of its fraud investigation. Id.

In providing for exceptions to the rule against successive assessments after a Tax Court petition has been filed, Congress did not differentiate between assessments based on fraud and those based on erroneous § 6411 applications. The rule against successive notices of deficiency applies "except in the case of fraud, and except as provided . . . 6213(b)(1) (relating to mathematical or clerical errors)." 26 U.S.C. § 6212(c)(1) (emphasis added). Section 6213(b)(1) instructs that an assessment based on a mathematical or clerical error "shall not be considered as a notice of deficiency" and shall be excluded from the prohibition against successive deficiencies. Congress treated an assessment arising from a § 6411 application "as if it were due to a mathematical or clerical error" under § 6213(b)(1), excluding both from the rule against successive deficiencies. 26 U.S.C. § 6213(b)(3). Like assessments based on fraud, Congress intended to exclude assessments based on erroneous § 6411 applications from the general policy of finality, Zackim, 887 at 458-459, and intended

-7-

for the IRS to assess such deficiencies even after the IRS has issued a final decision for the carryback year so long as they were not litigated before the Tax Court.

Consideration of the relevant statutory sections governing corporate applications for tentative refunds supports the conclusion that Congress did not intend for a final Tax Court decision for the carryback year to bar the IRS from assessing a deficiency based on an erroneously carried back amount. Taxpayers are specifically permitted to apply for "tentative" refunds under 26 U.S.C. § 6411, the section under which Smurfit filed its application. The word "tentative" is one of common understanding and is defined as something "made, done, [or] proposed . . . experimentally or provisionally" or something "not definite or final". Webster's New World Dictionary (3d College ed. 1988). Moreover, the IRS is permitted to assess deficiencies based on erroneous § 6411 applications even after the statute of limitations has expired for the carryback year, 26 U.S.C. §§ 6501(h) and (k), and taxpayers are expressly permitted to carry back losses in § 6411 applications to years for which the Tax Court has entered a final decision. 26 U.S.C. § 6511(d)(2)(A) and (B). By treating tentative applications for refunds under § 6411 like fraud and excepting them from the prohibition against successive notices and as separate from the carryback year in all other respects, Congress indicated that it intended to permit the IRS to assess deficiencies resulting from erroneous or miscalculated carriedback amounts even after a final Tax Court decision for the carryback year.

Smurfit concedes that Zackim was correctly decided but argues that its holding should be limited to the fraud exception. It notes that Congress did not precede fraud by the words "as provided in" which introduce the other exceptions in § 6212(c)(1) and that fraud is always exempted from res judicata effects on judgments. Although fraud is normally an exception to res judicata, see Restatement (Second) of Judgments § 26 cmt. j (1980), we cannot ignore any of the relevant statutory provisions. Congress did not need to precede fraud with the words "as provided in" because fraud is not identified as an exception elsewhere in the code. In contrast, mathematical and

clerical errors are specifically set out as exceptions to the successive deficiency rule in § 6213(b)(1). The other exceptions in § 6212(c)(1) relate to assessments which must be imposed before a final judgment. Section 6214 permits the Tax Court to determine the correct amount of a deficiency even if it is greater than the amount stated in the notice of the IRS, §§ 6851 and 6852 permit immediate "termination assessments" followed by notices of deficiency which can then be contested in Tax Court, and § 6861 permits the IRS to make a "jeopardy assessment" before Tax Court proceedings are completed if the amount assessed will be jeopardized by delay. 26 U.S.C. § 6212(c)(1). In contrast, Congress does not require that assessments based on § 6411 applications or on fraud be made before the Tax Court enters final judgment.

Smurfit also relies on Bradley v. United States, 96-1 U.S. Tax Cas. (CCH) ¶50, 195 (D. Minn. 1996), affirmed in an unpublished opinion without precedential value. See 106 F.3d 405, 97-1 U.S. Tax Cas. (CCH) ¶50, 164 (8th Cir. 1997) (per curiam) (8th Cir. R. 28A(i)). In Bradley, the district court barred the IRS from assessing a deficiency based on miscalculated carriedback losses where the Tax Court had entered a final decision for the carryback year. It sought to distinguish Zackim by concluding that the Third Circuit had only relied on the legislative history, overlooking statements in the decision that "there simply is no warrant for going behind the plain language of 6212(c)" and that both "the statutory language and its legislative history are clear." Zackim, 887 at 459-60. Since Bradley did not examine all of the relevant sections of the statutes and failed to articulate its basis for treating assessments based on miscalculated § 6411 returns differently from fraudulent returns, it is not persuasive.

We recognize in Tax Court proceedings that "[e]ach year is the origin of a new liability and of a separate cause of action," and res judicata binds parties "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that

purpose." <u>Commissioner v. Sunnen</u>, 333 U.S. 591, 597-598 (1948). These broad res judicata principles are not controlling here, however, because Congress has not indicated that unlitigated and miscalculated carriedback losses should be considered part of the judgment for the carryback year. It enacted separate provisions for assessing deficiencies in § 6411 applications, expressly permitting taxpayers to carry back to years for which the Tax Court has entered a final decision and allowing the IRS to assess such deficiencies even if the statute of limitations for the carryback year has expired. 26 U.S.C. §§ 6501(k) and (h); 26 U.S.C. § 6511(d)(2)(A).

Claim preclusion only bars a party from asserting "a claim or defense in a later proceeding that should have been raised in an earlier proceeding," <u>Mackenzie Engineering Co.</u>, 373 F.3d at 891, because it arises from the "same nucleus of operative facts as the prior claim." <u>Regions Bank v. J.R. Oil, Co., LLC</u>, 387 F.3d 721, 732 (8th Cir. 2004) (internal citations omitted), and Congress has provided that the IRS was not required to raise in a Tax Court proceeding a claim of deficiency arising from miscalculated or erroneous losses that are the subject of an application under § 6411 to carry them back to an earlier tax year. The IRS might have asserted in the Tax Court that it maintained the right to examine the accuracy of the carriedback amount or sought to delay the proceedings until it finished its examination for the 1989 tax year, but Smurfit has not demonstrated that the government was required to take such steps to avoid a res judicata bar.

For these reasons we reverse the judgment and remand the case to the district court for further proceedings consistent with this opinion.

_____