# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-2600
_____

Sandy Lake Band of Mississippi Chippewa

*Plaintiff - Appellant*

v.

United States of America; Ken Salazar,
Secretary of the Interior; Kevin Washburn,[1]
Assistant Secretary for Indian Affairs;
Jodi Gillette, Acting Deputy Assistant
Secretary for Policy and Economic
Development, Indian Affairs; and
Diane Rosen, Regional Director,
Midwest Regional Office, Bureau of
Indian Affairs

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: March 14, 2013
Filed: May 20, 2013
_____

---

[1]Kevin Washburn is substituted for his predecessor, Larry Echo Hawk, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Before WOLLMAN and COLLOTON, Circuit Judges, and HOLMES,[2] District Judge.

_____

WOLLMAN, Circuit Judge.

Sandy Lake Band of Mississippi Chippewa (Sandy Lake) requested that the Secretary of the Interior (Secretary) hold an election so that Sandy Lake's members could vote on a proposed constitution. After the request was denied, Sandy Lake filed suit, seeking an order directing the Secretary to call an election. The district court[3] dismissed the suit for lack of subject matter jurisdiction because Sandy Lake had not exhausted its administrative remedies. The district court also refused to accept the proposed amended complaint, which challenged the Secretary's authority to promulgate the regulation defining the term "Indian." Sandy Lake did not appeal from the first judgment and did not exhaust its administrative remedies. Sandy Lake later filed a second lawsuit, raising claims that it had alleged in its first complaint and its proposed amended complaint. Sandy Lake appeals from the adverse grant of summary judgment on its claims alleged in the second lawsuit.

We are bound by the district court's original determination that it lacked subject matter jurisdiction to hear Sandy Lake's claims. Issue preclusion thus disallows us from reaching the merits of this appeal. Accordingly, we affirm the dismissal of the case, modifying it to be without prejudice.

_____

[2]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

[3]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

The Indian Reorganization Act of 1934 (IRA) provides that "[a]ny Indian tribe shall have the right to organize for its common welfare, and may adopt an appropriate constitution and bylaws[.]" 25 U.S.C. § 476(a). A tribe may request that the Secretary hold an election to allow the tribe to vote on a proposed constitution and bylaws. Should a tribe do so, the Secretary must "call and hold an election . . . within one hundred and eighty days after the receipt of a tribal request for an election[.]" Id. § 476(c)(1)(A). The IRA defines the term "Indian" to include "all persons of Indian descent who are members of any recognized Indian tribe now under Federal jurisdiction, and all persons who are descendants of such members who were, on June 1, 1934, residing within the present boundaries of any Indian reservation[.]" Id. § 479. The term "tribe" refers to "any Indian tribe, organized band, pueblo, or the Indians residing on one reservation." Id. Congress delegated to the Secretary the authority to promulgate rules and regulations governing secretarial elections. Id. § 476(a)(1).

The Secretary is required to "publish in the Federal Register a list of all Indian tribes which the Secretary recognizes to be eligible for the special programs and services provided by the United States to Indians because of their status as Indians." 25 U.S.C. § 479a-1(a). Pursuant to authority delegated by the Secretary, the Department of the Interior (DOI) has promulgated regulations and procedures for recognizing Indian tribes. See 25 C.F.R. Pt. 83 (entitled "Procedures for Establishing That an American Indian Group Exists As an Indian Tribe"). The regulations define the term "tribe" to include "[a]ny Indian entity that has not voted to exclude itself from the [IRA] and is included, or is eligible to be included, among those tribes . . . listed in the Federal Register[.]" Id. § 81.1(w). An Indian group that is not listed as a recognized Indian tribe may petition the DOI for acknowledgment, a process that can take several years. See generally Miami Nation of Indians of Ind., Inc. v. U.S. Dep't of the Interior, 255 F.3d 342, 345-46 (7th Cir. 2001) (Twelve years after Miami Nation filed its petition, the DOI ruled that it did not meet the criteria for acknowledgment.).

-3-

Sandy Lake is not included on the list of recognized Indian tribes. In July 2007, Sandy Lake requested an election so that it could vote to adopt a constitution and bylaws. The Superintendent of the Minnesota Agency of the Bureau of Indian Affairs (BIA) denied the request. The Midwest Regional Director of the BIA upheld the decision, finding that Sandy Lake was not eligible to hold an election because it was not a recognized Indian tribe, and the Internal Board of Indian Appeals dismissed Sandy Lake's appeal. Sandy Lake later filed suit in federal district court against the United States and certain federal officials, alleging a number of claims related to the denial of the request for an election. The defendants moved to dismiss for lack of subject matter jurisdiction. Thereafter, Sandy Lake filed an amended complaint, which added claims challenging the Secretary's authority to promulgate regulations governing secretarial elections.

In July 2011, the district court dismissed the suit without prejudice for lack of subject matter jurisdiction. Specifically, the district court found that Sandy Lake had failed to exhaust its administrative remedy, the DOI acknowledgment process. Sandy Lake Band of Miss. Chippewa v. United States, No. 10-3801, 2011 WL 2601840, at *4 (D. Minn. July 1, 2011) (hereinafter Sandy Lake I). In determining that it lacked jurisdiction, the district court "reject[ed] [Sandy Lake's] contention that 25 C.F.R. § 81.1(w) contradicts the definition of Indian tribe in 25 U.S.C. § 479." Id. Moreover, the district court held that the proposed amended complaint was not timely filed and noted that the amendments nonetheless "fail[ed] to cure the lack of subject matter jurisdiction over the Sandy Lake Band's claims." Id. at *5 n.4. Sandy Lake did not petition the DOI for federal recognition and did not appeal from the district court's judgment.

In September 2011, Sandy Lake filed a second lawsuit against the same defendants (collectively, the government). On the government's motion, the district court dismissed three claims (counts two, three, and four) on the basis of res judicata. The government argued that res judicata also barred consideration of the remaining

-4-

three claims (counts one, five, and six), which were raised in the first lawsuit's proposed amended complaint. The district court considered the merits of those claims, however, concluding that its "discussion of subject matter jurisdiction as it related to the proposed Amended Complaint was brief and noted in a footnote." D. Ct. Order of May 4, 2011, at 14 (hereinafter <u>Sandy Lake II</u>). The district court explained that it had rejected the proposed amended complaint "because it was untimely filed, and Plaintiffs did not obtain Defendants' consent or leave of the Court." <u>Id.</u> at 13.

In counts one, five, and six, Sandy Lake challenged the promulgation of 25 C.F.R. § 81.1(w) and alleged that the regulation's definition of "tribe" conflicted with the plain meaning of the statutory language "recognized Indian tribe," in violation of the IRA (count one) and the Administrative Procedure Act (APA) (count five) and in breach of the government's fiduciary obligation owed to Sandy Lake (count six). The district court held that the phrase "recognized Indian tribe" set forth in 25 U.S.C. § 479 was ambiguous and that the BIA's definition of the term "tribe" set forth in 25 C.F.R. § 81.1(w) was based on a permissible construction of the statute.

On appeal, Sandy Lake argues that the statutory language is unambiguous, that the regulation is void because it conflicts with the statute, and that Sandy Lake is entitled to an election because it meets the statutory language set forth in 25 U.S.C. § 479. Sandy Lake does not challenge the dismissal of counts two, three, and four. The government maintains that the district court should have dismissed counts one, five, and six on the basis of res judicata because the district court previously had decided the issue of subject matter jurisdiction.

"The principles of *res judicata* apply to questions of jurisdiction as well as to other issues." <u>Am. Sur. Co. v. Baldwin</u>, 287 U.S. 156, 166 (1932). Res judicata incorporates the concepts of both issue preclusion and claim preclusion. <u>Taylor v. Sturgell</u>, 553 U.S. 880, 892 (2008). "Issue preclusion refers to the effect of a

judgment in foreclosing relitigation of a matter that has been litigated and decided."
Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). A party
is precluded from litigating such a matter in a subsequent case, "whether or not the
issue arises on the same or a different claim." New Hampshire v. Maine, 532 U.S.
742, 748-49 (2001) (citing Restatement (Second) of Judgments §§ 17, 27 (1980); D.
Shapiro, Civil Procedure: Preclusion in Civil Actions 32, 46 (2001)). We have said
that issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been
> a party, or in privity with a party, to the original lawsuit; (2) the issue
> sought to be precluded must be the same as the issue involved in the
> prior action; (3) the issue sought to be precluded must have been
> actually litigated in the prior action; (4) the issue sought to be precluded
> must have been determined by a valid and final judgment; and (5) the
> determination in the prior action must have been essential to the prior
> judgment.

Robinette v. Jones, 476 F.3d 585, 589 (8th Cir. 2007) (quoting Anderson v. Genuine
Parts Co., Inc., 128 F.3d 1267, 1273 (8th Cir. 1997)).

Sandy Lake disputes the second element, arguing that its complaint in Sandy
Lake II alleges new theories of relief and a different basis for subject matter
jurisdiction. Accordingly, the argument goes, the determination in Sandy Lake I that
the district court lacked subject matter jurisdiction to hear the claims raised in that
complaint cannot preclude the district court from considering in Sandy Lake II
whether it had jurisdiction to hear the claims raised in this complaint. As set forth
above, counts one, five, and six challenge the Secretary's authority to promulgate 25
C.F.R. § 81.1(w) and allege that the regulation's definition of the term "Indian"
conflicts with the statute.

The basis for subject matter jurisdiction in this case is the same as that in <u>Sandy Lake I</u>, and thus the second element of issue preclusion is met. Sandy Lake has characterized its claims as a "direct challenge to the regulation," but it has not identified any law that would allow it to bring such a challenge.[4] To the extent counts one, five, and six are cognizable, they must be pursued under the APA. The APA limits nonstatutory judicial review to "final agency action," 5 U.S.C. § 704, and the only possible final agency action here is the denial of a secretarial election. Accordingly, the district court decided the precise issue in <u>Sandy Lake I</u> when it held that Sandy Lake had "failed to exhaust its administrative remedies and this Court lacks subject matter jurisdiction over [Sandy Lake's] claims that relate to the requested IRA election." <u>Sandy Lake I</u> at *4.

Sandy Lake also disputes the fourth element, arguing that the dismissal without prejudice in <u>Sandy Lake I</u> did not constitute a final judgment on the merits. Although dismissal for lack of subject matter jurisdiction does not adjudicate the merits of the claims asserted, it does adjudicate the court's jurisdiction. <u>See</u> <u>Kulinski v. Medtronic Bio-Medicus, Inc.</u>, 112 F.3d 368, 373 (8th Cir. 1997) (holding that the complaint's dismissal without prejudice for lack of subject matter jurisdiction would preclude plaintiff from bringing another claim on the same jurisdictional basis, but did not preclude "the same claim under a different theory and jurisdictional basis"); <u>see also</u>

---

[4]Count one alleges a violation of the IRA. Although the IRA provides that "[a]ctions to enforce the provisions of this section may be brought in the appropriate Federal district court[,]" 25 U.S.C. § 476(d)(2), the IRA does not authorize a facial challenge to the regulation. Likewise, Sandy Lake has not cited any law that might allow count six—its breach of trust action—to stand alone. <u>See</u> <u>Gros Ventre Tribe v. United States</u>, 469 F.3d 801, 809-10 (9th Cir. 2006) (gathering cases and noting that the government's obligation of trust in its dealings with Indian tribes "does not impose a duty on the government to take action beyond complying with generally applicable statutes and regulations").

McCarney v. Ford Motor Co., 657 F.2d 230, 233 (8th Cir. 1981) ("[A] decision to dismiss based on any of the doctrines under the justiciability heading should preclude relitigation of the same justiciability issue but not a second suit on the same claim even if arising out of the identical set of facts."). Accordingly, Sandy Lake may reassert the same claims that it alleged in Sandy Lake I, but only after it exhausts its administrative remedies. The dismissal of the complaint thus constitutes a "valid and final judgment" sufficient to bar Sandy Lake from relitigating the issue of subject matter jurisdiction. See Robinette, 476 F.3d at 589 ("'[F]inality' in the context of issue preclusion may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." (quoting John Morrell & Co. v. Local Union 304A of the United Food & Commercial Workers, 913 F.2d 544, 563 (8th Cir. 1990))); 18 James Wm. Moore et al., Moore's Federal Practice § 132.03[5][c] (3d ed. 2013) ("[A] second complaint cannot command a second consideration of the same jurisdictional claim.").

Because the district court previously had adjudicated the issue of subject matter jurisdiction and Sandy Lake did not appeal from that decision or exhaust its administrative remedies, we do not reach the merits of Sandy Lake's appeal. We also do not pass judgment on whether the district court's decision in Sandy Lake I was correct, for "issue preclusion prevents relitigation of wrong decisions just as much as right ones." Ginters v. Frazier, 614 F.3d 822, 830 (8th Cir. 2010) (Colloton, J., dissenting) (citing Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993)). We affirm, modifying the dismissal to be without prejudice. We deny the motion of the Mille Lacs Band of Ojibwe for leave to file an amicus brief and appendix.

_____