# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1976

_____

Robin Magee

*Plaintiff - Appellant*

v.

Trustees of the Hamline University, Minnesota; Donald Lewis; David Titus, in his
individual capacity; John Does, 1-5

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 12, 2014
Filed: March 27, 2014

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Robin K. Magee was terminated by the law school of Hamline University. She
sued under 42 U.S.C. § 1983, alleging that the university, the dean, and the president
of the St. Paul Police Federation (SPPF) conspired with the St. Paul Police

Department to deny her constitutional right to freedom of speech. The district court[1] dismissed the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court also denied as futile Magee's motion to add the SPPF as a party. She appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Hamline is a private university in St. Paul, Minnesota. Magee, a law professor tenured since 1994, taught classes on policing, including police misconduct and race issues in the criminal justice system. On April 17, 2007, she authored a commentary in the St. Paul *Pioneer Press* criticizing a state judge's decision not to "investigate" allegations of racism in a trial for murder of a St. Paul police officer.

David A. Titus was a St. Paul police officer and president of the SPPF—a private federation representing St. Paul officers. Days after Magee's commentary, he authored an editorial questioning her "fitness to teach" and stating, "I hope Professor Magee confines her race baiting and cop-hating to her newspaper submissions and keeps it out of the classroom." At Titus's urging, Police Chief David Harrington also published an editorial response on the same page of the *Pioneer Press*.

The SPPF, under Titus's leadership, declared a boycott against the university, seeking punitive action against Magee. The SPPF's boycott resolution says that "members of the Saint Paul Police Federation shall not participate in any future continued education, professional training programs or other similar that is a product of Hamline University." The resolution requests "that the police department

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Arthur J. Boylan, Chief Magistrate Judge, United States District Court for the District of Minnesota.

discontinue and make no future contracts or agreements with Hamline University for educational purposes." According to Magee, the university had a "business relationship" with the Department to provide "continuing education speakers and classes," and the Department did not contract with the university after the boycott resolution passed. Titus and other officers contacted university officials, demanding they remove Magee. In April 2007, Magee was "summonsed" to explain her newspaper commentary to the university president, and university administrators contemplated adverse actions against Magee.

In 2009, Magee was charged with state tax-law violations and was suspended from teaching. She was convicted in February 2011 of four gross misdemeanors (felony charges were dismissed). *See State v. Magee*, No. 62-CR-09-15147, 2012 WL 1253071 (Minn. Ct. App. Apr. 16, 2012) (unpublished). Donald M. Lewis, dean of Hamline's law school since 2008, initiated disciplinary proceedings against Magee. After a faculty vote, she was terminated in July 2011. Magee sued, contending her termination was a concerted effort between the university, Lewis, Titus, and the Department "to please police and to prevent her from teaching about police misconduct, and otherwise to restrain her speech, and as retaliation for past speech criticizing government."

II.

Magee appeals the dismissal of her suit, which this court reviews de novo. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007). This court assumes as true all factual allegations in the pleadings, interpreting them most favorably to the nonmoving party. *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1091 (8th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*, *quoting Twombly*, 556 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of "further factual enhancement." *Id.*, *quoting Twombly*, 556 U.S. at 557. Determining whether a complaint crosses over the plausibility threshold is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Magee sued under 42 U.S.C. § 1983, which "imposes liability for certain actions taken 'under color of' law that deprive a person 'of a right secured by the Constitution and laws of the United States.'" *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005), *quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931 (1982). "[A] public employee acts under color of law when he 'exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Johnson v. Phillips*, 664 F.3d 232, 239-40 (8th Cir. 2011), *quoting West v. Atkins*, 487 U.S. 42, 49 (1988). The defendant must act or purport to act "in the performance of official duties, even if he oversteps his authority and misuses power." *Id.* Acts of officials in "the ambit of their personal pursuits are plainly excluded" from Section 1983 liability. *Dossett*, 399 F.3d at 949, *citing Screws v. United States*, 325 U.S. 91, 111 (1945) (plurality opinion).

"'[W]hether a police officer is acting under color of state law turns on the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties.'" *Roe v. Humke*, 128 F.3d 1213, 1216 (8th Cir. 1997), *quoting Martinez v. Colon*, 54 F.3d 980, 986 (1st Cir. 1995). "'Absent any actual or purported relationship between the officer's conduct and his duties as a police officer, the officer cannot be acting under color of state law.'" *Ramirez-Peyro v. Holder*, 574 F.3d 893, 900 (8th Cir. 2009), *quoting Roe*, 128 F.3d at 1216. Factors include: whether the officer is on duty and in uniform, the motivation

behind the officer's actions, whether the officer had access to the victim because of his position, and whether the officer threatened official conduct in the future. ***Id.***

Magee does not plead sufficient facts that Titus was acting "under color of" state law. She does not allege he was on duty or in uniform when he published his editorial, contacted the university, or took any other acts described in the complaint. ***Id.*** She does not plead he was motivated by anything other than his personal concern and SPPF position. ***Id.***; ***Dossett***, 399 F.3d at 949 (acts of officials in "the ambit of their personal pursuits are plainly excluded" from Section 1983 liability). She does not contend he had access to her (or her editorial) because he was an officer. ***Id***.

Nothing in Magee's complaint indicates that Titus's actions were made possible by, or undertaken in, his position as a police officer. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." ***West***, 487 U.S. at 49 (internal quotations omitted). Magee does not assert that Titus, at any time, invoked or used his authority as a police officer. ***Id.*** While his editorial noted he was an officer, this recites his occupation and does not necessarily indicate he was acting in his official capacity. *See **Cancel v. Amakwe***, No. 12-4028-CV, 2013 WL 6800558, at *3 (2d Cir. Dec. 26, 2013) (unpublished) ("self identification" as a police officer is alone inadequate to "constitute acting under color of state law").

Nor does Magee plead sufficient facts about the university or Lewis. To be liable under § 1983, a private actor must be a "a willful participant in joint activity with the State" in denying a plaintiff's constitutional rights. ***Dossett***, 399 F.3d at 947, *citing **Adickes v. S.H. Kress & Co.***, 398 U.S. 144, 152 (1970). A plaintiff must plausibly allege "'a mutual understanding, or a meeting of the minds, between the private party and the state actor.'" ***Pendleton v. St. Louis County***, 178 F.3d 1007, 1011 (8th Cir. 1999), *quoting **Miller v. Compton***, 122 F.3d 1094, 1098 (8th Cir.

1997). No facts in Magee's complaint reasonably infer a "meeting of the minds." The multiple contacts between Titus, Lewis, and the university do not, without more, reasonably infer that they conspired to terminate Magee. *See Mershon v. Beasley*, 994 F.2d 449, 452 (8th Cir. 1993) ("contacts, by themselves and without more" do not allow the inference of "any mutual understanding" in a § 1983 action).

Magee focuses on the boycott, which she alleges shows a threat of official conduct in the future. She believes that Titus, the SPFF, and the Department acted together to force the university and dean to punish her. However, Magee does not plead specific facts plausibly connecting any "concerted action" to her termination. It is conceivable that the university and Lewis, after a faculty vote, terminated her because of the boycott. However, without additional facts, Magee has not "'nudged [her] claims'" of retaliation "'across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 680, *quoting Twombly*, 550 U.S. at 570.

## III.

Magee moved to add the SPPF as a defendant. When the district court dismissed the case, it denied the motion as futile. This court reviews for abuse of discretion the denial of a motion to amend a pleading. *Mississippi River Revival, Inc. v. City of Minneapolis*, 319 F.3d 1013, 1018 (8th Cir. 2003).

The district court "should freely give leave [to amend a pleading] when justice so requires." **Fed. R. Civ. P. 15(a)**. However, a district court may deny leave to amend where there is "futility of the amendment." *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1065 (8th Cir. 2005), *quoting Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003).

The SPPF is a private party. *See Montgomery v. City of Ardmore*, 365 F.3d 926, 942 (10th Cir. 2004) (a police union is not a state actor). The SPPF is liable only

if it were "a willful participant in joint activity with the State" to deny Magee's constitutional rights. *Dossett*, 399 F.3d at 947. Magee has not plausibly alleged a "meeting of the minds" between the Department, the SPPF, and the university. *Miller*, 122 F.3d at 1098; *Mershon*, 994 F.2d at 452. Magee alleges that the SPPF "influenced" Department policy, but this conclusion is inadequate. She must allege facts that the two entities acted in concert. *Montgomery*, 365 F.3d at 942 (plaintiff must allege facts that the police union "acted in concert" with the public entity). Even if Magee were able to equate the SPPF and the Department, she has not linked their activity to the university. The multiple contacts between Titus, the SPPF's members, and the university do not, without more, reasonably infer that they conspired to terminate Magee. *See Mershon*, 994 F.2d at 452 ("contacts, by themselves and without more" do not allow the inference of "any mutual understanding" in a § 1983 action). The district court properly ruled that adding the SPPF would be futile.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____