# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1699

_____

Robin K. Magee

*Plaintiff - Appellant*

v.

Hamline University; Donald Lewis; Jon Doe; Jane Roe; Trustees of the Hamline
University, Minnesota

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 11, 2014
Filed: January 7, 2015
[Published]

_____

Before LOKEN, BRIGHT, and KELLY, Circuit Judges.

_____

PER CURIAM.

Robin Magee appeals the district court's[1] dismissal of her claim under 42
U.S.C. § 1981 against Hamline University and Dean Donald Lewis arising from her

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District
of Minnesota.

termination as a professor at Hamline University School of Law. The district court dismissed Magee's § 1981 claim on the ground that it was barred by the doctrine of res judicata. We agree and therefore affirm.[2]

## I.    Background

In 1990, Magee was hired as a professor at Hamline University School of Law in St. Paul, Minnesota. She became tenured in 1994. In September 2009, Magee was charged with various felony state tax violations. While her case was pending, Hamline placed her on a leave of absence and relieved her of teaching responsibilities. In February 2011, a jury found Magee guilty of four misdemeanor counts of failure to file state tax returns. The convictions were upheld on appeal. *See State v. Magee*, 2012 WL 1253071, at *1 (Minn. Ct. App. Apr. 16, 2012).

In April 2011, Magee filed an action pursuant to 42 U.S.C. § 1983 (hereinafter "*Magee I*") against Donald Lewis, then Dean of Hamline University School of Law; the Trustees of Hamline University; and David Titus, a police officer with the City of St. Paul. Magee alleged that these defendants had "worked in concert" to terminate her from her position at Hamline in violation of her constitutional rights. Magee also brought claims for intentional interference with employment contract against Lewis and breach of employment contract against Hamline.

In May 2011, Dean Lewis issued charges to remove Magee as a faculty member. Magee invoked her right to a hearing and a faculty committee ultimately voted in favor of discharge. Magee was terminated on July 21, 2011.

In April 2012, Titus and Hamline moved to dismiss Magee's § 1983 claim with prejudice. The district court granted the motion with respect to all defendants. The

_____

[2]We have jurisdiction pursuant to 28 U.S.C. § 1291.

court further declined to exercise supplemental jurisdiction over Magee's two remaining state law claims. We affirmed the dismissal of *Magee I*. *See Magee v. Trs. of Hamline Univ.*, 747 F.3d 532 (8th Cir. 2014).

In May 2013, Magee served a second lawsuit (hereinafter "*Magee II*") against Hamline and Lewis alleging, among other claims, a violation of 42 U.S.C. § 1981, which "offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship," *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). The defendants removed the action to federal court and moved for dismissal based on the doctrine of res judicata. The district court granted the motion in February 2014. The court concluded that because Magee's § 1983 claim in *Magee I* and § 1981 claim in *Magee II* "arise out of the same transaction or series of transactions," the § 1981 claim should have been raised in *Magee I* and is therefore barred by the doctrine of res judicata. The court also declined to exercise supplemental jurisdiction over Magee's remaining state law claims.

Magee filed a timely notice of appeal.

## II.    Discussion

The issue before us is whether the district court's dismissal of *Magee II* was proper. We review de novo the dismissal of a case on res judicata grounds. *See N.A.A.C.P. v. Metro. Council*, 125 F.3d 1171, 1174 (8th Cir. 1997). Dismissal on the basis of res judicata at the pleading stage is appropriate if the defense is apparent on the face of the complaint. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012).

Res judicata incorporates the related concepts of issue preclusion and claim preclusion. *Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098,

1102 (8th Cir. 2013). Under claim preclusion, "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010) (alteration in original) (citation omitted) (internal quotation marks omitted). To establish that a claim is barred by claim preclusion, a party must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008) (citation omitted) (internal quotation marks omitted). With respect to the "same claims or causes of action" element of claim preclusion—the only element that Magee challenges—we have held that "whether a second lawsuit is precluded turns on whether its claims arise out of the same nucleus of operative facts as the prior claim." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998) (citations omitted) (internal quotation marks omitted); *see also Jefferson Smurfit Corp. v. United States*, 439 F.3d 448, 454 (8th Cir. 2006).

After a thorough review of the record, we agree with the district court that the gist of the § 1983 claim in *Magee I* and the § 1981 claim in *Magee II* is that the defendants' conduct leading up to the termination of Magee, in addition to the ultimate decision to terminate her, violated her constitutional rights. In other words, the federal claims in each suit are based on Magee's termination from employment as well as the series of events precipitating that termination. Thus, we conclude that the § 1981 claim in *Magee II* is barred by res judicata because it arose "out of the same nucleus of operative facts" as the § 1983 claim in *Magee I. See Costner*, 153 F.3d at 673.

Moreover, while it's true that "claim preclusion does not apply to claims that did not arise until *after* the first suit was filed," *Baker Grp., L.C. v. Burlington N. Santa Fe Ry. Co.*, 228 F.3d 883, 886 (8th Cir. 2000) (emphasis in original), this case

-4-

does not present such a scenario. Magee contends that her § 1981 claim was unavailable to her at the time she filed her initial complaint in *Magee I* because she had not yet been terminated. But her argument is contradicted by the pleadings. The April 2011 complaint in *Magee I* alleges that Dean Lewis "intentionally induced Hamline to suspend and terminate [her]" which "caused the suspension *and then the termination* of Magee's employment contract and tenure." (Emphasis added). Furthermore, as part of her § 1981 claim, Magee alleges several instances in which the defendants breached her employment contract prior to her termination, including the decision to suspend her from teaching in September 2009 and failing to engage in good faith informal discussions leading up to her termination. Thus, Magee's § 1981 claim was based at least in part on conduct that the defendants had engaged in at the time she filed her complaint in *Magee I*. For the reasons stated, we reject Magee's argument that her § 1981 claim could not have been brought in *Magee I*.

## III. Conclusion

Because the doctrine of res judicata bars Magee from bringing her § 1981 claim, we affirm the district court's dismissal of that claim.

_____