Linda K. O'TOOLE, Plaintiff,

v.

CITY OF WALNUT GROVE,
MISSOURI, et al.,
Defendants.

Case No. 6:16–CV–03332–BCW

United States District Court,
W.D. Missouri, Southern Division.

Filed 03/01/2017

Gillian R. Wilcox, American Civil Liberties Union of Missouri Foundation–KCMO, Kansas City, MO, Jessie Steffan, Anthony E. Rothert, American Civil Liberties Union of Missouri Foundation–STL, St. Louis, MO, for Plaintiff.

Karl W. Blanchard, Jr., Richard T. Strodtman, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, MO, for Defendant.

## ORDER

JUDGE BRIAN C. WIMES

Before the Court is Plaintiff's Motion for a Preliminary Injunction (Doc. # 2). The Court, being duly advised of the premises, grants said motion.

### BACKGROUND

Plaintiff alleges that Defendant Jim Cole, the Mayor of Walnut Grove, Missouri, engaged in first amendment retaliation when he sued Plaintiff in the Circuit Court of Green County, Missouri, alleging Plaintiff made "slanderous, false and de-

famatory statements about [Cole]" (Doc. # 4–10). Cole's state action arose out of statements made by Plaintiff, both in-person and online, about an incident in which Cole shot a stray dog.

Plaintiff asserts her claims under 42 U.S.C. § 1983. She seeks a preliminary injunction prohibiting Defendants from taking any adverse legal action against Plaintiff due to her criticism of Cole's official conduct until her current claim is resolved on the merits. (Doc. # 2).

## LEGAL STANDARD

■ A district court's decision to issue a preliminary injunction depends upon a 'flexible' consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest.

Richland/Wilkin Joint Powers Auth. v. U. S. Army Corps of Engineers, 826 F.3d 1030, 1036 (8th Cir. 2016) (citations omitted).

■ Based on the parties' briefing, the propriety of a preliminary injunction hinges on the third factor, the likelihood of Plaintiff's success on the merits of her first amendment retaliation claim.

The Eighth Circuit has articulated two standards for determining whether a moving party has established a likelihood of success on the merits. Parties moving to preliminarily enjoin a statute or regulation must establish that they are 'likely to prevail on the merits,' because such promulgations came about by a presumptively reasoned democratic process. By contrast, the Court should apply the less rigorous 'fair chance of prevailing' test where a preliminary injunction is sought to enjoin something other than government action based on

presumptively reasoned democratic processes.

Barrett v. Claycomb, 936 F.Supp.2d 1099, 1103 (W.D. Mo. 2013) (citations and quotations omitted).

■ Thus, "where an injunction is sought to stop anything other than 'government action based on presumptively reasoned democratic process,' the familiar 'fair chance of prevailing' test will still apply." Richland/Wilkin Joint Powers Auth. 826 F.3d at 1040 (quoting Planned Parenthood Minn., N.D., S.D v. Rounds, 530 F.3d 724, 732 (8th Cir.2008)).

## ANALYSIS

■ The case currently before the Court does not involve a "government action based on presumptively reasoned democratic process." Therefore, the Court applies the "fair chance of prevailing" standard. Under that standard, a Plaintiff "is not required to prove a mathematical (greater than fifty percent) probability of success on the merits." Heartland Acad. Cmty. Church v. Waddle, 335 F.3d 684, 690 (8th Cir. 2003).

■ "Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the Constitution." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (citing 42 U.S.C. § 1983). Defendants argues that "Plaintiff's request for an injunction should be denied as there is no likelihood she will prevail ... because she has not pled, and cannot prove, Cole acted under color of law in filing the defamation lawsuit." (Doc. # 13).

■ The Eighth Circuit has stated that A public official acts under color of law when he misuses power possessed by virtue of law and made possible only because he was clothed with the authori-

ty of law. It has been firmly established that a public official acts under color of law when that official abuses the position given to him by the State. In essence, to find whether an official acts under color of law, we look to see whether a sufficient nexus exists between the official's public position and the official's harmful conduct. Absent any actual or purported relationship between the [official's] conduct and his duties ... the [official] cannot be acting under color of state law.

Ramirez–Peyro v. Holder, 574 F.3d 893, 900–01 (8th Cir. 2009) (citations and quotations omitted).

 Whether the conduct at issue is under color of law, and thus cognizable under § 1983, is a "necessarily fact intensive" inquiry Id. at 901. In assessing whether the requisite nexus exists between the action at issue and the actor's official capacity, the following factors may be relevant: 1) the actor's motivation; 2) whether the actor had access to the victim by virtue of the actor's position; 3) whether the actor was in the "uniform" of the position; and 4) whether the actor threatens official conduct in the future. See, e.g., Magee v. Trustees of Hamline Univ., Minn., 747 F.3d 532, 535–36 (8th Cir. 2014).

 In this case, Plaintiff's complaint alleges Cole, the Mayor of the town in which Plaintiff lives, sued Plaintiff in response to her public complaints about Cole's official actions. (Doc. # 1). The Court finds this speaks both to the motivation factor and the access factor. Plaintiff's complaint also alleges Cole used resources, such as the City Attorney, that Cole had access to by virtue of his official position. Further, Cole's state petition plainly identifies Cole as the "Mayor of Walnut Grove, Missouri." The Court finds this indicative the Cole would be seen cloaked in his official position, despite the complaint being filed in his personal capacity. For these reasons, the Court finds the factual circumstances of this case indicate the Plaintiff's claim against Cole is cognizable under § 1983.

 As to the merits of the case, To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. Under the third prong, a plaintiff must show that the retaliatory motive was a "substantial factor" or "but-for cause" of the adverse action. In other words, the plaintiff must show he was singled out because of his exercise of constitutional rights.

Peterson v. Kopp, 754 F.3d 594, 602 (8th Cir. 2014)

 Given that this is a case involving political speech aimed at a public figure, as well as the high bar the Supreme Court of the United States has set for public figures in defamation cases, see N.Y. Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), the Court finds that the Plaintiff has sufficiently demonstrated that she has a "fair chance of prevailing" on her claims. Accordingly, it is hereby

ORDERED Plaintiff's motion for a preliminary injunction (Doc. # 2) is GRANTED. It is further

ORDERED Defendants are enjoined from taking any adverse legal action against Plaintiff stemming from her criticism of Cole's official conduct regarding the shooting of the dog until the case in this court is resolved on the merits. It is further

ORDERED Plaintiff is required to submit bond in the amount of $100.00 on or

before **March 8, 2017.** The bond shall serve as security for all claims with respect to this Preliminary Injunction, and any additional injunctive relief ordered by the Court in this action.

IT IS SO ORDERED.