# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 19-6010

_____

In re: John Patrick Raynor

*Debtor*

------------------------------

John Patrick Raynor

*Plaintiff - Appellant*

v.

Dennis P. Walker

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska - Omaha

_____

Submitted: June 27, 2019
Filed: July 25, 2019

_____

Before SCHERMER, DOW and SANBERG, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

John Patrick Raynor (Debtor) appeals the bankruptcy court's[1] orders: (1) dismissing his adversary proceeding; and (2) denying his post-dismissal motion. We have jurisdiction over this appeal from the final orders of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons that follow, we affirm.

## ISSUES

The issues on appeal are whether the bankruptcy court properly dismissed the Debtor's adversary proceeding as a collateral attack on prior rulings, and denied the Debtor's post-dismissal motion.[2] We hold that since the Debtor's adversary proceeding attempting to re-litigate the dischargeability of a 2008 loan obligation was a collateral attack on prior court orders, the bankruptcy court acted properly.

## BACKGROUND

In 2004, the Debtor filed a petition for relief under Chapter 11. The Debtor's Chapter 11 case was converted to a case under Chapter 7 and the Debtor received his Chapter 7 discharge in 2005.

Prior to the Debtor's filing of his bankruptcy petition, he was a member of A&G Precision Parts Finance L.L.C. and A&G Precision Parts L.L.C. The Debtor listed in his bankruptcy schedules his guaranty of a loan from Five Points Bank. In 2006, the Debtor signed another guaranty of the Five Points Bank debt. About two years after the Debtor received his Chapter 7 discharge, the A&G entities and their members refinanced the Five Points loan by borrowing funds from First State Bank (2008 Loan). The Debtor personally obligated himself on the 2008 Loan.

---

[1] The Honorable Thomas L. Saladino, Chief United States Bankruptcy Judge for the District of Nebraska.

[2] Although the Debtor lists twelve issues on appeal, we believe the only matter before us is the propriety of the bankruptcy court's rulings in the two orders that were appealed by the Debtor. The arguments of the Debtor concerning the additional issues listed by him lack merit.

A year following the loan, First State Bank filed a lawsuit in Nebraska state court against the A&G entities and the Debtor to recover the balance due on the 2008 Loan.

The A&G entities, and Dennis Walker, as an individual and as a member of the A&G entities, then filed an adversary proceeding (Adversary 1) in the Debtor's bankruptcy case, alleging the non-dischargeability of debt. Several months later, the bankruptcy court dismissed Adversary 1.

In October 2009, the Debtor filed an adversary proceeding (Adversary 2) against First State Bank, seeking a declaratory judgment that his liability on the 2008 Loan was discharged in his bankruptcy case. In January 2010, the bankruptcy court granted First State Bank's motion to dismiss Adversary 2, stating:

> [T]he facts alleged in the complaint allege only that First State Bank, **a postdischarge lender**, is attempting to collect on a loan co-signed by the debtor. The statutory injunction against post-discharge collection efforts applies only to debts that arose before the date of discharge, so it is inapplicable here. 11 U.S.C. § 524(a)(2). The 2008 loan agreement with First State Bank was a new and separate financing transaction. It stands alone. The debtor entered into that financing arrangement well after receiving his bankruptcy discharge. The debt is not subject to bankruptcy laws simply by virtue of the debtor's previous bankruptcy filing. **He took on this debt after his bankruptcy case** had been completed, so the discharge injunction does not apply and **First State Bank may take whatever steps it deems necessary to protect its interests.**

*Raynor v. First State Bank (In re Raynor)*, Bankr. No. 04-83112-TJM, Adv. No. 09-8068-TJM, 2010 WL 1431044, at *2 (Bankr. D. Neb. 2010) (emphasis added). The bankruptcy court denied the Debtor's subsequently filed motion to reconsider, stating that the 2008 Loan was not affected by the Debtor's discharge.

-3-

As the result of a 2011 settlement to which the Debtor was not a party, Walker and the A&G entities became plaintiffs in the Nebraska state court action. First State Bank assigned the First State Bank promissory note and related agreements to an entity of Walker's choice, Skyline Acquisition, LLC (Skyline), and Skyline was also added as a plaintiff in the state court action.

In March 2012, the Debtor filed a motion in Adversary 1 asking the bankruptcy court to clarify its prior orders. As part of its Order providing limited clarification to the Debtor (Clarification Order), the court stated:

> The July 1, 2009, dismissal order dealt only with whether Walker had timely notice of Raynor's bankruptcy case and whether, if he did not, the discharge order should be set aside as to him. The 2010 First State Bank dismissal order dealt only with whether the obligation Raynor incurred by executing the First State Bank loan documents, was a post-petition, post-discharge obligation not affected by the discharge. In neither situation was there raised any issue concerning mistake of law or mistake of fact. Respecting the state court judge's ability to determine whether, and which, if any, affirmative defenses should be allowed in the state court collection action, I decline to comment further on that issue.

*Walker v. Raynor (In re Raynor)*, Bankr. No. 04-83112-TJM, Adv. No. 09-8015-TJM, 2012 WL 1392608, at *2 (Bankr. D. Neb. 2012).

The bankruptcy court denied the Debtor's further attempt in 2014 to reopen Adversary 1, pointing out that it had previously clarified its orders and refusing to permit the Debtor's attempt to delay the Nebraska state court proceedings. Prior to filing the appeal that is before us, the Debtor did not appeal any of the bankruptcy court's decisions concerning the Debtor's obligation on the 2008 Loan.

-4-

The state court action proceeded to trial and in 2015, the state court held the Debtor liable to Skyline on the 2008 Loan. The court entered judgment in favor of Skyline and against the Debtor in a principal amount exceeding $2 million. The Nebraska Court of Appeals found no error in the trial court's decision to enter judgment in favor of Skyline against the Debtor. It remanded the case to the trial court only for recalculation of the amount due. The Debtor's efforts to seek further review by the Nebraska Supreme Court and the United States Supreme Court were denied.[3]

Dissatisfied with the rulings of the bankruptcy court and the Nebraska state courts that the Debtor remained liable on his obligations to First State Bank (and now Skyline), the Debtor filed yet another adversary proceeding in January 2019, this time against Mr. Walker (Adversary 3). In Adversary 3, the Debtor sought relief from his obligations under the 2008 Loan by a determination that the 2008 Loan is "second generation discharged indebtedness." After a hearing on Mr. Walker's motion to dismiss brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (made applicable by Federal Rule of Bankruptcy Procedure 7012), the bankruptcy court stated its holding on the record and entered an order. The court dismissed Adversary 3 with prejudice on the bases that it was a collateral attack on the final orders of the bankruptcy court in Adversary 2 and an attempt to collaterally attack the ruling of the Nebraska state court in violation of the *Rooker-Feldman* doctrine. The bankruptcy court pointed to the final orders in Adversary 2, which held that the 2008 Loan was not affected by the Debtor's bankruptcy discharge and denied the Debtor's motion to reconsider on the same basis. Recognizing that the Nebraska state court proceedings relied on the orders in Adversary 2, the court characterized Adversary 3 as an attempt to delay those proceedings.

---

[3] In his brief filed in this appeal, Mr. Walker stated that the state trial court had not recalculated the amount of its judgment against the Debtor, but that a hearing was scheduled for July 30, 2019 in that court to determine the judgment amount.

Still not satisfied, the Debtor filed a post-dismissal motion, titled "Motion To Vacate the February 5, 2019 Judgment, in its Entirety, Pursuant to FRCP 59 Which is Made Applicable to this Proceeding by FRBP 9023 and Further, for Leave for the Debtor to File of an Amended Complaint" (Post-Dismissal Motion). The bankruptcy court denied the Post-Dismissal Motion, stating that it repeated the same arguments made by the Debtor at the hearing on the motion to dismiss Adversary 3 and that the court already addressed the merits of the Debtor's claims many times over the years.

## STANDARD OF REVIEW

We review a bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *Conway v. Heyl (In re Heyl)*, 590 B.R. 898, 901 (B.A.P. 8th Cir. 2018) (citation omitted). "The granting of a motion to dismiss by a bankruptcy court is reviewed *de novo* by the Bankruptcy Appellate Panel." *Id.* (citations omitted). "The bankruptcy court's denial of a motion pursuant to Rule 59(e) is reviewed for abuse of discretion." *Crystalin, L.L.C. v. Selma Props., Inc.* (*In re Crystalin, L.L.C.*), 293 B.R. 455, 463 (B.A.P. 8th Cir. 2003) (citation omitted).

## DISCUSSION

This matter stems from the Debtor's choice to obligate himself under the 2008 Loan. Unhappy with the consequences of his decision and after years of litigation, multiple court orders, and remarkable patience by the bankruptcy court, the Debtor's repackaged argument must come to an end.

The bankruptcy court held that Adversary 3 was a collateral attack on the orders in Adversary 2.[4] It also held that Adversary 3 was an attempt to collaterally attack the state court judgment in violation of the *Rooker-Feldman* doctrine. We

---

[4] At the hearing on the motion to dismiss Adversary 3, the court advised the Debtor that his remedy would have been to appeal the bankruptcy court's previous orders holding that the 2008 Loan was not subject to the discharge injunction.

-6-

decide this case based on principles of preclusion, which easily dispose of it. *See Athens/AlphaCawley v. Celeste (In re Athens/Alpha Gas Corp.)*, 715 F.3d 230, 235 (8th Cir. 2013) ("We therefore agree with the courts that have deemed it permissible to bypass *Rooker–Feldman* to reach a preclusion question that disposes of a case."); *see also King v. City of Crestwood*, 899 F.3d 643 (8th Cir. 2018) (deciding case on merits which easily resulted in dismissal, bypassing *Rooker-Feldman*, and stating that jurisprudence of the Supreme Court on the *Rooker-Feldman* doctrine "counsels somewhat against reliance upon it.") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, 287-88 (2005)).

The bankruptcy court correctly dismissed Adversary 3 because it was a collateral attack on prior rulings. The Debtor has had his day in court multiple times. A motion to dismiss made under Rule 12(b)(6) concerns the legal sufficiency of a complaint based on failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))." The plausibility standard applies in "all civil actions." *Iqbal*, 556 U.S. at 684 (citation omitted).

Preclusion is applied "only when the party against whom the earlier decision is being asserted had a 'full and fair opportunity' to litigate the issue in question." *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir.1983) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 n. 22 (1982)). The Eighth Circuit "employs a flexible and pragmatic approach when assessing the preclusive effect of a court's order." *First State Bank of Roscoe v. Stabler*, 914 F.3d 1129, 1136-1137 (8th Cir. 2019). Courts "do not make preclusion determinations in the abstract or in a vacuum." *Id.* at 1137.

In the Eighth Circuit, the elements of collateral estoppel, or issue preclusion, are: "(1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment." *Sells v. Porter (In re Porter)*, 539 F.3d 889, 894 (8th Cir. 2008) (quoting *Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007) (quotation omitted)). " '[F]inality' in the context of issue preclusion may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Robinette*, 476 F.3d at 589 (quoting *John Morrell & Co. v. Local Union 304A of the United Food and Commercial Workers*, 913 F.2d 544, 563 (8th Cir. 1990) (internal citation, alteration, and quotation marks omitted)).

The Debtor was a party to Adversary 2 and Adversary 3. As the bankruptcy court determined, the issue in Adversary 2, whether the Debtor's obligation for the 2008 Loan was discharged in his bankruptcy case, is the equivalent of the issue asserted in Adversary 3. That issue was actually litigated. The bankruptcy court did not dismiss Adversary 2 until after the defendant filed its motion to dismiss, the Debtor was granted his requested extension of time to respond to the motion to dismiss, and the Debtor filed his response. The bankruptcy court issued a well-reasoned decision analyzing the matter and explaining its rationale. The court also considered the Debtor's motion to reconsider and then again provided feedback to the Debtor in its Clarification Order. The orders by the bankruptcy court in Adversary 2 were certainly valid and final by the time the Debtor commenced Adversary 3. And, the determination of whether the Debtor's discharge applied to the 2008 Loan was essential to the bankruptcy court's decision to dismiss Adversary 2. Accordingly, Adversary 3 was barred by collateral estoppel.

Adversary 3 was also barred as a collateral attack on the bankruptcy court's prior decisions under the principles of *res judicata*, or claim preclusion, because it was an attempt to re-litigate claims previously litigated or those which might have been litigated in the previous bankruptcy court action. "Claim preclusion will bar a subsequent suit when: '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies.' " *W.A. Lang Co. v. Anderberg–Lund Printing Co. (In re Anderberg–Lund Printing Co.)*, 109 F.3d 1343, 1346 (8th Cir. 1997) (quoting *Lovell*, 719 F.2d at 1376). "[W]hether a second lawsuit is precluded turns on whether its claims arise out of the same nucleus of operative facts as the prior claim." *Magee v. Hamline Univ.*, 775 F.3d 1057, 1059 (8th Cir.2015) (citation omitted). Claim preclusion "explicitly applies to claims previously litigated as well as those which *might* have been litigated in the previous action." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 940 n. 13 (8th Cir.2000) (emphasis in original), *aff'd after remand* 361 F.3d 482 (8th Cir. 2004).

In a decision examining the merits, the bankruptcy court dismissed Adversary 2 because the 2008 Loan was a new and separate post-bankruptcy financing transaction and the discharge of the Debtor's obligation to Five Points Bank and the discharge injunction did not apply to it. The bankruptcy court unquestionably possessed jurisdiction to make its decision. Regardless of how the Debtor phrased his requests, both suits involved the same cause of action, a request for a determination that the 2008 Loan was discharged in the Debtor's bankruptcy case. Any related claim that the Debtor believes he may bring could have been made in the earlier action. The actions arise out of a common nucleus of operative fact, the Debtor's bankruptcy discharge and the Debtor's later obligation for the 2008 Loan. The Debtor was a party to both actions, as were First State Bank or Walker, who is in privity with it for the purposes of this decision. To the extent the Debtor believes he is permitted to assert defenses that he did not raise in his previous bankruptcy court actions, those defenses would also be barred. *See Kapp v. Naturelle, Inc.*, 611

F.2d 703, 707 (8th Cir.1979) ("*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.") (quoting *Brown v. Felsen,* 442 U.S. 127, 131 (1979)). Accordingly, Adversary 3 was barred by *res judicata.*

As the bankruptcy court stated, the Nebraska state court proceedings relied on the decisions of the bankruptcy court in Adversary 2 that the 2008 Loan debt was not discharged in bankruptcy when it allowed enforcement of that loan. The Nebraska appellate court found no error in the trial court's decision to enter judgment against the Debtor; it disagreed only with the amount of the judgment and the failure to award a credit against the judgment. The bankruptcy court properly recognized that the essence of the Debtor's Adversary 3 is to collaterally attack the Nebraska state court's decision in an effort to interfere with the remanded proceedings.

We also see no error in the bankruptcy court's decision to deny the Debtor's Post-Dismissal Motion. As that court recognized, the Post-Dismissal Motion repeated the same arguments already made by the Debtor.

## CONCLUSION

For the reason stated, the decision of the bankruptcy court is affirmed.

———————————————