# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 19-6035

_____

In re: John N. Finstad; Lorie Finstad

*Debtors*

------------------------------

John N. Finstad; Lorie Finstad

*Plaintiffs - Appellants*

v.

James Gord; Wendy Gord; James Gord, As Assignee of Beresford Bancorporation,
Inc.; Wendy Gord, As Assignee of Beresford Bancorporation, Inc.

*Defendants - Appellees*

_____

Appeal from United States Bankruptcy Court
for the District of North Dakota

_____

Submitted: March 3, 2020
Filed: March 27, 2020

_____

Before SHODEEN, DOW, and SANBERG, Bankruptcy Judges.

_____

SANBERG, Bankruptcy Judge.

John N. Finstad and Lorie Finstad ("Appellants") appeal the October 21, 2019, order of the Bankruptcy Court[1] dismissing their adversary proceeding against James Gord and Wendy Gord, individually and in their capacity as assignees of Beresford Bancorporation, Inc. ("Appellees"). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b). For the reasons stated below, we affirm.

## BACKGROUND

The events and bankruptcy case underlying this appeal commenced more than fifteen years ago. There have been several lawsuits and appeals in state and federal courts.[2]

Appellants owned a farm in Ransom County, North Dakota. Beresford Bancorporation, Inc. ("Beresford") held a secured interest in the farm after making several loans to Appellants from 2002 through 2004. After Beresford began foreclosure proceedings, Appellants filed for Chapter 12 relief under the United States Bankruptcy Code in July 2005. In October 2005, Appellants and Beresford entered into a settlement agreement concerning the farm. As part of the settlement, Appellants conveyed the farm to Beresford by executing and delivering a quitclaim deed (the "Beresford Deed"). Beresford recorded the Beresford Deed in January 2006. The settlement agreement allowed Appellants to remain on the farm as tenants and gave them an option to purchase the property back from Beresford.[3] The Bankruptcy Court approved the settlement agreement on March 29, 2006, and

---

[1] The Honorable Shon Hastings, Chief Judge, United States Bankruptcy Court for the District of North Dakota.

[2] In reverse chronological order: Order, *Finstad v. Gord*, Adversary No. 18-07060 (Bankr. N.D. Oct. 21, 2019); *Finstad v. Beresford Bancorporation, Inc.*, 831 F.3d 1009 (8th Cir. 2016); *Finstad v. Beresford Bancorporation, Inc.*, Civil No. 3:14–cv–101, 2015 WL 11438183 (D.N.D. July 30, 2015); *Finstad v. Gord*, 844 N.W.2d 913 (N.D. 2014).

[3] Appellants did not exercise their purchase option.

confirmed Appellant's Chapter 12 plan on April 17, 2006. The Chapter 12 plan incorporated by reference the settlement agreement and Beresford Deed.

In early 2006, James Gord lent Appellants $525,000, in exchange for a second mortgage on the farm, executed in favor of Appellees, James and Wendy Gord.

Beresford sent Appellants notices of default under the approved settlement agreement beginning shortly before Appellants received their discharge in 2008. Beresford notified Appellants of its intent to sell the farm in July 2008. In December 2008, Beresford sold its interest in the farm and delivered a quitclaim deed to Appellees.[4]

In January 2012, Appellants brought a quiet title action in North Dakota state court against Appellees, Beresford, and all others claiming an interest in the farm. Appellants challenged the deed between Beresford and Appellees and argued that the Beresford Deed was intended to create an ongoing mortgage relationship, rather than to convey title to Beresford.

The state district court found the Beresford Deed to be clear and unambiguous on its face, it had therefore conveyed Appellants' right, title, and interest in the farm to Beresford. Applying North Dakota's parol evidence statute,[5] the state district court barred Appellants from introducing extrinsic evidence to show a different intent. The state district court held that Appellants lacked standing to challenge the subsequent deed between Beresford and Appellees, because they had no interest in the farm. The state district court dismissed the claims against Beresford with prejudice and, one year later, granted summary judgment in favor of Appellees.

---

[4] The sale price was $64,438.78. According to Beresford, the sale price equaled the remaining balance owed by Appellants on the debt.

[5] N.D. Cent. Code § 9-06-07.

Appellants appealed the judgment, and the North Dakota Supreme Court affirmed. *Finstad v. Gord*, 844 N.W.2d 913 (N.D. 2014).

After losing in state court, Appellants filed an action in the United States District Court for the District of North Dakota against Beresford and Appellees. Beresford and the Appellees both moved for summary judgment, arguing that the preclusive effect of the state court decisions deciding ownership of the farm barred the federal action. The federal court agreed. On appeal, the Eight Circuit affirmed. *Finstad v. Beresford Bancorporation, Inc.*, 831 F.3d 1009 (8th Cir. 2016).

Two years later, Appellants filed a motion to reopen their bankruptcy case, which the Bankruptcy Court granted on November 20, 2018. Appellants filed this adversary proceeding on December 10, 2018, seeking, primarily, a declaratory judgment that they hold legal and equitable title to the farm. Appellees filed a motion to dismiss, which the Bankruptcy Court granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[6] The Bankruptcy Court held that federal bankruptcy law did not preempt the state court decision, that the *Rooker-Feldman* doctrine barred consideration of Appellants' claim of ownership, and that Appellants' claims were barred by res judicata. Appellants timely filed their notice of appeal on November 1, 2019.

## ISSUES ON APPEAL

The issues on appeal are: 1) whether the Bankruptcy Court's order confirming Appellants' Chapter 12 plan preempts the North Dakota parol evidence statute pursuant to the Supremacy Clause and Bankruptcy Clause of the United States Constitution; 2) whether the Bankruptcy Court erred in applying *Rooker-Feldman*; and 3) whether the Bankruptcy Court erred in applying res judicata.

---

[6] Made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012.

## STANDARD OF REVIEW

We review the Bankruptcy Court's conclusions of law *de novo*. *Raynor v. Walker* (*In re Raynor*), 602 B.R. 703, 707 (B.A.P. 8th Cir. 2019); *Conway v. Heyl* (*In re Heyl*), 590 B.R. 898, 901 (B.A.P. 8th Cir. 2018) (citation omitted); *see Islamov v. Ungar* (*In re Ungar*), 633 F.3d 675, 678–79 (8th Cir. 2011). We also review the Bankruptcy Court's order granting Appellees' motion to dismiss *de novo*. *In re Heyl*, 590 B.R. at 901 (citations omitted); *see Schaff v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

## DISCUSSION

In this appeal, Appellants assert that the application of North Dakota's parol evidence rule is preempted by the United States Constitution's Supremacy Clause, the Bankruptcy Clause, and federal bankruptcy law. Appellants argue, in essence, that the Bankruptcy Court should interpret and determine the intent of Appellants' Chapter 12 plan, rather than adopt the state courts' application and interpretation of state law to the plan.

Appellants are incorrect. First, state courts have concurrent jurisdiction to interpret plans of reorganization as, upon confirmation, a plan serves as a new contract between the debtor and the parties whose claims are addressed in the plan and state courts have jurisdiction to interpret post-confirmation contracts. *E.g.*, *Savage & Assocs., P.C., v. Mandl* (*In re Teligent, Inc.*), 459 B.R. 190, 196–97 (Bankr. S.D.N.Y. 2011) (collecting cases); *see McCormick v. Starion Fin.*, 567 B.R 552, 559–60 (B.A.P. 8th Cir. 2017) (providing that a confirmed Chapter 11 plan acts like a contract that binds the parties participating in the plan); *Apex Oil Co., Inc. v. Sparks* (*In re Apex Oil Co., Inc.*), 406 F.3d 538, 542–43 (8th Cir. 2005) (finding concurrent jurisdiction to determine whether the Chapter 11 plan and discharge injunction applied to the appellees' claim, noting that "Congress granted state courts concurrent jurisdiction to consider bankruptcy issues arising from Chapter 11 proceedings"); *Van Sickle v. Hallmark & Assocs., Inc.*, 744 N.W.2d 532, 536 (N.D.

2008) ("A confirmed reorganization plan is essentially a binding contract between the debtor and its creditors, and creditors may bring a state law breach of contract action in state court to enforce plan obligations."); *see also Mid-City Bank v. Skyline Woods Homeowners Ass'n* (*In re Skyline Woods Country Club*), 636 F.3d 467, 471–72 (8th Cir. 2011) (finding concurrent jurisdiction to interpret the bankruptcy court's sale order).

Here, the Bankruptcy Court correctly determined that the North Dakota state courts possessed concurrent jurisdiction to decide Appellants' quiet title action and interpret the Chapter 12 Plan, as well as the incorporated settlement agreement and Beresford Deed.[7]

Second, the Bankruptcy Court properly determined that it must apply North Dakota law (including the parol evidence statute) to determine ownership of the farm, because property interests are created and defined by state law. *Butner v. United States*, 440 U.S. 48, 55 (1979) (citation omitted). Appellants do not cite any Bankruptcy Code provision or federal law supporting preemption of North Dakota state law in determining property rights.

Thus, because the state courts had jurisdiction and determined property interests in accordance with North Dakota law, and because the Bankruptcy Court properly decided that it would be constrained to follow that law, preemption under the United States Constitution or federal bankruptcy laws does not apply.

Appellants next argue that the Bankruptcy Court erred in applying the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, federal courts, other than the United States Supreme Court, lack subject matter jurisdiction to hear challenges to determinations made by state courts. *Exxon Mobil Corp. v Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); *Cawley v. Celeste* (*In re Athens/Alpha Gas Corp.*), 715

---

[7] We note that Appellants elected to bring their quiet title action in state court, rather than return to the Bankruptcy Court. Thus, Appellants invited the state court to decide the quiet title action and question of ownership.

F.3d 230, 234 (8th Cir. 2013). The doctrine is confined to federal cases brought by state court losers complaining of injuries caused by state court judgments; the state court losers seek review and rejection of those judgments. *Exxon Mobil Corp.*, 544 U.S. at 284. This is exactly the situation we have here: Appellants have requested that the Bankruptcy Court reject the judgment of the North Dakota state courts and instead determine that Appellants are the owners of the farm. We hold *Rooker-Feldman* applies and the Bankruptcy Court correctly concluded that it lacked subject matter jurisdiction to review Appellants' claim of ownership.

Finally, Appellants argue in their reply brief that the Bankruptcy Court erred in finding that their claims and causes of action were barred by the doctrine of res judicata. Pursuant to the Full Faith and Credit Act, North Dakota preclusion law governs the adversary proceeding. 28 U.S.C. § 1738; *First State Bank of Roscoe v. Stabler*, 914 F.3d 1129, 1137 (8th Cir. 2019) ("And when assessing the preclusive effect of a state court judgment, we apply that state's law governing preclusion."); *Finstad¸* 831 F.3d at 1013. Under North Dakota law, res judicata "prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties . . . and which was resolved by a final judgment in a court of competent jurisdiction." *Finstad*, 831 F.3d at 1013 (citing *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 383 (N.D. 1992)). North Dakota law defines res judicata as a doctrine encompassing both claim and issue preclusion. *See In re Athens/Alpha Gas Corp.*, 715 F.3d at 235–36.

Appellants assert that North Dakota preclusion law does not apply in this matter, as the state courts were prevented from considering evidence of the parties' intent by North Dakota's parol evidence rule. Because of this, Appellants argue they lacked a full and fair opportunity to litigate the quiet title action.

Appellants' argument is without merit. In related cases, the federal district court and Eighth Circuit found that the state courts resolved ownership of the farm and, therefore, Appellants were barred under the doctrine of issue preclusion from relitigating ownership. *Finstad*, 831 F.3d at 105. Here, the Bankruptcy Court found

that Appellants' claims and causes of action are based on the same nucleus of operative facts as in the state court action, and could have been alleged at that time. Therefore, issue preclusion applied. We agree. North Dakota's preclusion law bars relitigation of Appellants' ownership claims.

We considered all other arguments advanced by Appellants, including reforming the Beresford Deed by equitable means, and deem them to be without merit and unnecessary to address.

## CONCLUSION

For the reasons stated above, we affirm the Bankruptcy Court.

_____